## PINCHEFSKY v GOLDSTONE
Ohio Appeals, 8th Dist, Cuyahoga Co
Decided September 16, 1929

Messrs. Thorman & Goldman, Cleveland, for Pinchefsky.
Messrs. Baker, Hostetler & Sidlo, Cleveland, for Goldstone.

LEVINE, J. .

The plaintiff states in the petition that he relied upon the promise and agreement of the defendant that said premises were in good condition and repair and that said defendant would keep said premises in good condition and repair. This promise and agreement on the part of the landlord as set forth in the petition contains two subdivisions: (1), that the premises were in good condition and repair; (2), that he would keep said premises in good condition and repair. Subdivision 1 cannot be taken in the nature of a promise. If anything it is nothing more or less than a representation concerning the condition of the stairway and handrail at the time that the tenant entered into possession and occupancy. Nowhere in the petition do we find any allegation negativing this representation alleged to have been made by the landlord. Insofar as the petition reveals, this representation of the landlord concerning the condition of the premises at the time the tenant entered into possession and occupancy, was entirely true. We must therefore elminate any claim of negligence on the part of the landlord based upon that representation. We are therefore limited to the statement contained in subdivision 2 namely, that the landlord promised and agreed that he would keep the premises in good condition and repair.

Assuming as we must, in the absence of a statement to the contrary, that the premises including the handrail, were in good condition and repair at the time that the tenant first entered into possession and occupancy, that the same became out of repair at a subsequent time, and that the tenant had brought no notice or complaint to the attention of the landlord concerning the handrail become out of repair, would the failure of the landlord to examine and inspect the handrail with a view to making necessary repairs, constitute a violation of duty on his part so as to subject him to a cause of action for damages for the injuries sustained by the tenant? The petition states that the dangerous condition of the stairway and handrail was not apparent and could not be discerned by ordinary observation. This is set forth as an excuse for the tenant using the stairway. It must, however, follow that if the dangerous condition was not apparent and could not be discerned by the ordinary observation of the tenant that the landlord likewise could not have discerned and discovered it by ordinary observation. The tenant, according to the allegations of the petition, was in exclusive control and occupancy of the storeroom and basement and as such had a better means of observing the condition of the stairway including the handrail than had the landlord who was out of possession and control of the premises.

Negligence is a failure to observe ordinary care under the circumstances. In order to subject the landlord to a libility for the injuries sustained by the tenant, the petition would have to make it appear that there was a failure to exercise such ordinary care by the landlord. Not only does the petition fail to make such allegations, but on the contrary it negatives such allegation, for in the petition it is stated, "that the dangerous condition of said stairway and handrail was not apparent and could not be discerned by ordinary observation." If this is true, then it must follow that the landlord cannot be held to have failed to exercise ordinary care since the defective condition of the stariway could not be discerned by ordinary observation.

It is our opinion upon the face of the petition that the landlord had a right to assume that the premises including the handrail remained in good repair. Especially so since the defect in the handrail was not apparent and could not be discerned by ordinary observation and since no notice whatsoever of the true condition of this handrail was brought to the attention of the landlord by the tenant who was in exclusive control and possession of the premises.

We find no error in the judgment of the common pleas court.

Vickery, PJ, and Sullivan, J, concur.